```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

RANDALL ENSLEY,                   :
                                  :
        Plaintiff,                :
                                  :
V.                                :   Case No. 3:10-CV-1782 (RNC)
                                  :
IRON MAIDEN HOLDINGS LIMITED;     :
SONY MUSIC ENTERTAINMENT; EMI     :
MUSIC, INC.; JOHN DOES 1-10,      :
                                  :
        Defendants.               :
```

RULING AND ORDER

Connecticut artist Randall Ensley brings this lawsuit against defendants Iron Maiden Holdings Limited, Sony Music Entertainment, EMI Music, Inc., and ten John Does, alleging violations of his rights under the Federal Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Ensley claims that the CD cover art for the 2010 Iron Maiden album "The Final Frontier" infringes his artwork "Final Frontier." Each of the defendants to this suit reproduced or distributed the allegedly infringing work. Defendants have moved for summary judgment on the ground that no reasonable juror could find the CD cover art "substantially similar" to Ensley's drawing. I agree and therefore grant the motion.

I.   Facts

In 2002, plaintiff created the original artwork "Final Frontier," a depiction of two skeletons in spacesuits sitting in a spaceship's cockpit. The astronaut in the foreground stares straight ahead; his mouth is closed. The drawing – apparently in

pen and ink – is black-and-white.  Plaintiff used a photograph of Soviet cosmonauts Yuri Gagarin and Gherman Titov to compose his drawing.[1]  In that photo, the cosmonauts sit in a windowed room, not a spaceship.  Plaintiff posted his work on the internet, and he has registered it with the United States Copyright Office.

Artist Melvyn Grant designed the cover art for "The Final Frontier," an album released in August 2010 by the heavy metal band Iron Maiden.  The album's cover art depicts skeletons in spacesuits sitting in a spaceship's cockpit and the vantage point is similar to that of plaintiff's drawing.  But in the album cover, the fuselage is in ruin, and Iron Maiden's mascot "Eddie" stands above the three astronauts, wielding a glowing object he appears to have used to break through their helmets and skulls.  Red droplets dot the air and the astronaut in the foreground has his mouth open as though he is screaming.  The two artworks are reproduced as Figure 1.[2]

---

[1] See RIA Novosti/Science Photo Library, Gagrin and Titov, Vostok 1 Launch, 1961, available at http://www.sciencephoto.com/media/122429/enlarge.

[2] Plaintiff submits comments made in the wake of the CD release indicating that Iron Maiden had "directly borrowed," "partly [] rip[ped] off," "copied (stolen)," or used as "inspiration" his illustration.  I agree with defendants that these comments are hearsay.  They are out of court statements apparently offered to prove that ordinary observers recognized the album cover as appropriated from plaintiff's drawing.  While the comments literally assert that the later work was in fact appropriated from plaintiff's, the commenters may also be understood to assert that they believe the album cover was appropriated from plaintiff's illustration.  In that way, they are offered for the truth of the matter asserted.  No exception applies.


(a)


(b)

**Figure 1.** (a) Plaintiff Randall Ensley's "Final Frontier"; (b) Melvyn Grant's cover art for Iron Maiden's "The Final Frontier."

II.   Discussion

A.    Standard

Summary judgment is granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Summary judgment is proper only when "no reasonable trier of fact could find in favor of the nonmoving party."  Lund's, Inc. v. Chemical Bank, 870 F.2d 840, 844 (2d Cir. 1989).  "In the context of copyright infringement, courts have regularly granted summary judgment where it is 'clear' that the plaintiff cannot make out the essential elements of the claim."  Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc., No. 95 Civ. 0246, 1997 WL 158364, at *2 (S.D.N.Y. Apr. 2, 1997) (collecting cases).

B.   Copyright Infringement

To establish copyright infringement, a plaintiff must prove two elements: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work."  Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003).  A plaintiff seeking to establish the second element, unauthorized copying, "must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'"  Id. (quoting Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc., 150 F.3d 132, 137 (2d Cir. 1998)).  A plaintiff establishes that an appropriation was improper or unlawful by showing that the later work bears a "substantial similarity" to protected expression in his own work.  Nihon

Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 70 (2d Cir. 1999).

Defendants do not address whether plaintiff's work was actually copied.  Instead, they argue that plaintiff cannot succeed on his infringement claim because, as a matter of law, the cover art for the album "The Final Frontier" does not bear a substantial similarity to the protected elements of plaintiff's work, "Final Frontier."  While "questions of non-infringement have traditionally been reserved for the trier of fact," Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010), it is appropriate for a district court to grant summary judgment when "no reasonable jury, properly instructed, could find that the two works are substantially similar," id. (quoting Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)).  I agree with defendants that no reasonable jury could find substantial similarity here.

The usual test for substantial similarity is the "ordinary observer test," in which the court asks whether an average lay observer would recognize the later work as having been appropriated from the earlier one.   Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995).  The Second Circuit has noted that when a work contains both protectible and unprotectible elements, the analysis should be "more discerning," and "we must attempt to extract the unprotectible elements from

our consideration and ask whether the *protectible elements, standing alone*, are substantially similar." Id. (emphasis in original).

It is a fundamental principle of copyright law that ideas themselves are not protected; the law protects only particular expressions of those ideas. See 17 U.S.C. § 102(b); Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996). The parties agree that the idea of a skeleton in a spacesuit is not, in itself, protectible. However, this does not mean I should remove the skeleton astronauts from the picture when deciding whether the two works are substantially similar. Courts are not "required to dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable." Knitwaves, 71 F.3d at 1003. Instead, I look at how the artists have "selected, coordinated, and arranged" the design elements. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 358 (1991). I am "principally guided 'by comparing the contested design's "total concept and overall feel" with that of the allegedly infringed work,'" Peter F. Gaito Architecture, 602 F.3d at 66 (quoting Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 133 (2d Cir. 2003)), "as instructed by [my] 'good eyes and common sense,'" id. (quoting Hamil Am. Inc. v. GFI, 193 F.3d 92, 102 (2d Cir. 1999)).

The images have several similar design elements. Both works feature skeletons in spacesuits, seated in the body of a spaceship. The spaceships are of similar shape, and the controls on the side of the spaceships are reminiscent of one another. Both ships are viewed from approximately the same angle; however, plaintiff does not benefit from the common vantage point: copyright protection extends "only to those components of a work that are original to the author." Feist, 499 U.S. at 345. Plaintiff admits he copied the structural elements from the photo of the Soviet cosmonauts, and indeed the angle in his artwork mimics the angle in the photograph. Therefore, he cannot benefit from this commonality.

Copyright law does not protect titles, Arnstein v. Porter, 154 F.2d 464, 474 (2d Cir. 1946), and plaintiff gains no direct advantage from the similarity of "Final Frontier" and "The Final Frontier." However, to the extent the titles of the works contribute to their concept and feel, I consider them as part of the whole. Cf. Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir. 1990). The phrase "final frontier," in the context of these works, connects space and death. The works thus share another common idea: using the phrase "final frontier" to analogize space to death.

However, viewed in totality, the expressions of the two central ideas – skeletons in spacesuits and the connection of

space and death through the phrase "final frontier" – differ dramatically.  Plaintiff's work is a realistic black-and-white ink drawing, whereas Grant's album cover is a brightly-colored illustration in a science fiction or fantasy style.  Plaintiff's scene is confined to the ship, whereas Grant's is set in front of a star-scape that includes a nearby planet.  See Kerr v. New Yorker Magazine, Inc., 63 F. Supp. 2d 320 (S.D.N.Y. 1999) (differentiating between two drawings of a man with a skyline Mohawk, one made with pen and ink and crosshatching, the other in color with a fully-realized background).  The skulls in plaintiff's drawing are plainly human, whereas Grant's have both human and non-human elements, most obviously fangs protruding from their cheekbones.  Plaintiff's astronauts are isolated, whereas Grant's have encountered Eddie, a monstrous creature who occupies at least as much space in the illustration as the most prominent astronaut.  Plaintiff's astronauts appear emotionally restrained, whereas Grant's are screaming as Eddie assaults them.

These elements combine to create two vastly divergent "feels."  Plaintiff argues that both illustrations invoke a "total concept and feel of loss and lack of hope."  I agree that this phrase – "loss and lack of hope" – applies to both works.  However, the applicability of a common phrase does not establish that two works have the same concept and feel.  Plaintiff's drawing evokes the "loss and lack of hope" a person might

experience as he faces the inevitable, eternal isolation of his own death.  It is a cold, quiet feeling.  Grant's drawing, on the other hand, evokes the "loss and lack of hope" a person might experience as he faces imminent death at the hands of a grotesquely violent monster.  It is a desperate, panicked feeling.  And while plaintiff's drawing invites us to identify with the astronauts, Grant's encourages us to revel in Eddie's violence.

Viewed in their totality, these two illustrations share several ideas and design elements, but their total concepts and overall feels are very different.  I therefore conclude that no reasonable jury, properly instructed, could find that Iron Maiden's "The Final Frontier" album cover art is substantially similar to plaintiff's "Final Frontier."  Accordingly, even if Grant did actually copy plaintiff's drawing, he and the defendants have not infringed plaintiff's copyright.

III.  Conclusion

The motion for summary judgment is hereby granted.  The Clerk will enter a judgment dismissing the case.

So ordered this 31st day of March 2012.

                              /s/  RNC
                         Robert N. Chatigny
                      United States District Judge